**Robert W. HALL, Plaintiff–Appellant,**

v.

**Robert V. ABBEY; Gale A. Norton; \* United States Department of the Interior, Defendants–Appellees.**

No. 01–15157.
D.C. No. CV–98–01645–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided March 28, 2002.

---

\* Gale A. Norton is substituted for Bruce Babbitt, as Secretary of Interior, pursuant to Fed.

R.App. P. 43(c)(2).

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Robert W. Hall appeals the district court's grant of summary judgment against him on his claim that the Bureau of Land Management improperly adopted the Las Vegas Resources Management Plan (RMP). We affirm.

■■■ (1) Hall asserts that the BLM failed to properly follow the Federal Land Policy Management Act [1] notice and public participation requirements. *See* 43 U.S.C. § 1712(f); 43 C.F.R. § 1610.2(f). He also asserts that it failed to properly follow the National Environmental Policy Act [2] notice

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 43 U.S.C. §§ 1701–1784 (FLPMA).

2. 42 U.S.C. §§ 4321–4370d (NEPA).

and public participation requirements. *See* 40 C.F.R. § 1501.7(a)(1). Because these are procedural attacks, we agree that Hall has standing to raise the issues. He meets the general statutory elements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Hall v. Norton*, 266 F.3d 969, 975–77 (9th Cir.2001) (*Hall I*); *Cantrell v. City of Long Beach*, 241 F.3d 674, 679–80 (9th Cir.2001); *Yesler Terrace Cmty. Council v. Cisneros*, 37 F.3d 442, 445–46 (9th Cir.1994). He also meets the special agency action elements. *See Hall I*, 266 F.3d at 975–76; *Churchill County v. Babbitt*, 150 F.3d 1072, 1080 (9th Cir.), *amended by*, 158 F.3d 491 (9th Cir.1998). By the same token, at the time the BLM adopted the RMP, the procedural claims were ripe. *See Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 737, 118 S.Ct. 1665, 1672, 140 L.Ed.2d 921 (1998); *Wilderness Soc'y. v. Thomas*, 188 F.3d 1130, 1133 n. 1 (9th Cir.1999).

■ However, our review of the record shows that the district court correctly determined that the BLM did not fall short in meeting its obligations to give notice and to permit public participation in the steps leading up to adoption of the RMP. In fact, there was a plethora of opportunities for the public to participate,[3] all of them well noticed. Hall suggests there was an error because the BLM regulations appear to limit comments to those who participated in the planning process. *See* 43 C.F.R. § 1610.5–2(a). Whether that is overly restrictive need not be mooted here because Hall was allowed to participate in any event.

■ Hall also complains that the RMP does not indicate that it complies with the Clean Air Act's requirement that federal agency actions conform to the provisions of state or federal implementation plans. *See* 42 U.S.C. § 7506(c)(1). To the extent that is a procedural attack, Hall does have standing, but the RMP need not detail compliance because there is an EPA exemption from that requirement. *See* 40 C.F.R. § 51.853(c)(2)(xii).[4]

While to his mind the process is not perfection itself, Hall will have to accept it *faute de mieux*.

■ (2) To the extent that Hall seeks to make a substantive challenge to the RMP, the requirements for standing are more stringent than those where a procedural attack is levied, and, here, Hall fails to come up to the mark. His difficulty lies in the fact that the RMP itself cannot have the effect of degrading air quality. That is, while he expresses fears that, somehow, air quality will be affected, those fears are based on his mere subjective conjecture. That is insufficient. *See Los Angeles v. Lyons*, 461 U.S. 95, 107 & n. 8, 103 S.Ct. 1660, 1668 & n. 8, 75 L.Ed.2d 675 (1983). As the EPA has recognized, the possibility that a plan will *itself* result in degradation of air quality is so remote as to be de minimis. *See* 40 C.F.R. § 51.853(c)(2)(xii).

■ By the same token, the issue is not ripe because Hall will not incur any hardship if he is required to wait until the BLM proposes to take a specific action, the courts would surely benefit from the development of a specific record regarding

---

**3.** There is no requirement that, as a planning matter advances from stage to stage, all earlier stages must be opened again when later ones are noticed for comment. Moreover, despite Hall's jeremiad to the contrary, the geographic areas involved were described to avoid any procedural improprieties.

**4.** If Hall wishes to challenge the regulation itself, he may not do so in this court. *See* 42 U.S.C. § 7607(b)(1); *Hall I*, 266 F.3d at 974.

any specific action, and the agency might well refine its approaches when it focuses on a specific problem. *See Ohio Forestry,* 523 U.S. at 732–37, 118 S.Ct. at 1670–72. Should the BLM pursue some specific action in the future,[5] the regulations provide that Hall, and any other person "adversely affected by a specific action being proposed to implement some portion of [the RMP] ... may appeal such acts ... at the time the action is proposed for implementation." 43 C.F.R. § 1610.5–3(b). Thus, any substantive attack dies aborning.

AFFIRMED.

---

5. *E.g.,* the specific land transaction that it proposed in *Hall I,* 266 F.3d at 972–74.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.